IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAVID E. WILLIAMS                                                                                         PLAINTIFF

v.                                   CASE NO.: 4:08-cv-04029

KIRK JOHNSON,
Former Prosecutor, Miller County;
JIM H. GUNTER,
Former Prosecutor, Miller County                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This case was filed by Plaintiff on March 24, 2008 in the Eastern District of Arkansas. It was transferred to the Western District on April 11, 2008. Plaintiff proceeds *pro se* and *in forma pauperis*, bringing his claims pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Now before the Court is the matter of whether service of Plaintiff's Complaint is proper. The Court, for the reasons stated herein, recommends Plaintiff's Complaint be dismissed in its entirety.

### Background

According to the allegations of the complaint, Plaintiff was arrested on July 8, 1979, by Detective H.L. Phillips and taken to the Miller County Jail. Williams alleges no arrest warrant was issued until July 12, 1979, when he was charged with murder and attempted murder. Williams alleges he and not taken before a judge for arraignment until September 7, 1979. Williams maintains prosecuting attorneys, Kirk Johnson and Jim Gunter, did nothing to ensure that he was brought before a judge for a prompt probable cause determination. Williams maintains his detention violated the Due Process Clause of the United States Constitution. As relief, Plaintiff seeks compensatory

damages of 3.7 million dollars and an award of punitive damages.

**Discussion**

First, Plaintiff has previously filed a case against these same Defendants regarding the same claims he raises in the case at bar. *See Williams v. Miller County Circuit Court, et al*; 4:06-cv-4037 (W.D. Ark., May 4, 2006). United States Magistrate Judge, the Honorable Bobby E. Shepherd, entered a Report and Recommendation that Plaintiff's claims be dismissed. (Doc. 9 in 06-4037). This Report and Recommendations was adopted by the Honorable Harry F. Barnes, District Court Judge. (Doc. 12 in 06-4037). Plaintiff appealed this ruling, and the Eighth Circuit Court of Appeals affirmed the District Court's Decision. (Doc. 21 in 06-4037). Certiorari was denied by the United States Supreme Court. (Doc. 24 in 06-4037).

The Court finds, that as the matters raised in Plaintiff's Complaint have already been litigated, and for the reasons originally set out in Plaintiff's previous case, the Complaint in the case at bar should be dismissed.

Second, Williams' claims against Kirk Johnson and Jim Gunter are subject to dismissal. In *Webster v. Gibson*, 913 F.2d 510 (8th Cir. 1990), Anthony Webster contended his constitutional rights were violated when he was arrested and held for a period of forty-five days before receiving a judicial determination of probable cause under *Gerstein v. Pugh*, 420 U.S. 103, 126 (1975). Webster sued the prosecutor, the sheriff, and a deputy sheriff. The district court dismissed the entire action. On appeal the Eighth Circuit affirmed the dismissal as to the prosecuting attorney and the deputy sheriff who was the arresting officer. Webster, 913 F.2d at 512. The prosecuting attorney was held to be absolutely immune from a claim for damages. *Id.* at 513-14. In this case, based on Williams' allegations it is clear the defendant prosecuting attorneys are entitled to absolute

immunity. *See also Brodnicki v. Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Third, Williams claims are based on activities that occurred in July through September of 1979 and are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under Section 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

Plaintiff's' civil rights causes of action accrued when he knew or had reason to know of harm constituting the basis of the action. *Nasim v. Warden, Maryland House of Corrections*, 64 F.3d 951, 955 (4th Cir. 1995). In July of 1979, Williams has alleged he was not brought promptly before a judicial officer. This case was not filed until March 24, 2008. This action was therefore filed well after the expiration of the applicable limitation period.

**Conclusion**

I therefore recommend that this case be dismissed as the claims have already been litigated, are asserted against defendants who are immune from suit, and the claims are barred by the applicable statute of limitations. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Williams has ten days from receipt of the report and recommendation in which to file**

**written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Williams is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of May 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE